IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRIAN KIRK CONRAD and
ANGELA JUNE CONRAD,

        Plaintiffs,

v.                              CIVIL ACTION NO. 3:08-0829

WELLS FARGO BANK, NA, d/b/a
WELLS FARGO HOME MORTGAGE,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss Count I by Defendant Wells Fargo Bank, NA, d/b/a Wells Fargo Home Mortgage. [Doc. No. 8]. Plaintiffs Brian and Angela Conrad oppose the motion. For the reasons stated below, the Court **DENIES, in part,** and **GRANTS, in part,** Defendant's motion.

On June 11, 2008, Defendant removed this action from the Circuit Court of Putnam County, West Virginia, based upon diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). In the Complaint, Plaintiffs allege that they are the victims of predatory lending in which "a mortgage broker, appraiser and a lender act together to exploit consumers by persuading them to enter into mortgage loans that are not supported by the value of their homes." *Complaint*, at ¶ 1. Plaintiffs state two counts in their Complaint. In Count I, Plaintiffs allege "Unconscionable Contract." In Count II, Plaintiffs allege "Fraud and Joint Venture." Defendant argues that Count I must be

dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a cause of action upon which relief may be granted.

In its motion, Defendant relies, in part, upon this Court's decision in *Watkins v. Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A.*, No. 3:08-cv-00132, a similar predatory lending action involving the same defendant and the same lead counsel for the plaintiffs.[1] On June 19, 2008, this Court entered a Memorandum Opinion and Order in *Watkins*, in which the Court held, in part, that the plaintiff's claim for unconscionable contract is subject to both field and conflict preemption under the National Bank Act ("NBA") and regulations promulgated by the Office of the Comptroller of the Currency ("OCC") and the claim must be dismissed. *June 19, 2008, Memorandum Opinion and Order*, at 8. Following the Court's decision, the plaintiff filed motions for relief from the judgment, to stay, and to amend the Amended Complaint. Upon reconsideration of the issues presented, the Court entered a Memorandum Opinion and Order on November 5, 2008, revising its prior analysis and granting, in part, the plaintiff's motion to amend her Amended Complaint and for relief from Judgment. In the present case, Defendant's Motion to Dismiss was briefed prior to this Court's decision on November 5. Although neither party has filed revised briefs in light of that opinion, the Court finds that the analysis in that decision applies with equal force to this case. Therefore, the Court relies upon that decision in ruling on the current motion.

---

[1]The plaintiffs in both cases are represented by Daniel F. Hedges. The plaintiff in *Watkins* also is represented by Bren J. Pomponio and Sara Bird.

In the Memorandum Opinion and Order entered November 5, the Court reversed its prior decision that field preemption applied to the plaintiff's unconscionability claim. *Nov. 5, 2008, Memorandum Opinion and Order*, at 11.  In addition, the Court held that despite the fact that there are no federal laws that regulate "unconscionable conduct" or "unconscionable inducement," the Court must look beyond those titles to see if the specific acts and practices alleged by the plaintiff are subject to conflict preemption. *Id*. at 14-15.  In doing so, the Court ruled on many of the same acts and practices that are alleged by Plaintiffs in the current case.

In the present case, Plaintiffs assert in paragraphs 8 and 9 of Count I of the Complaint that Defendant "engaged in a pattern of home equity skimming and predatory lending practices to make unfair loans based upon fraudulent appraisals" and "[t]he loan agreements between the Plaintiffs and Defendants was induced by unconscionable conduct, specifically; the terms and the bogus appraisals which left Plaintiff [sic] worse off than he was when he entered into the loan." *Complaint*, at ¶¶ 8-9.  In *Watkins*, the plaintiff made substantially similar claims of home equity skimming, predatory lending, and bogus appraisals.  In considering these claims in *Watkins*, the Court found that they are not subject to conflict preemption.  The Court recognized that with respect to home equity skimming and predatory lending "[n]o federal law permits a national bank to misrepresent to borrowers the nature of its charges." *Nov. 5, 2008, Memorandum Opinion and Order*, at 16.  Likewise, the Court stated that the plaintiff's claim of a bogus appraisal is not an allegation that the appraisal methodology was wrong (which is an area governed by federal

-3-

regulation[2]) but, rather, it is "an allegation [that Defendant] knowingly misrepresent[ed] a material fact[.]" *Id*. at 17 (internal quotation marks omitted). The Court found that these claims do not conflict with federal laws or regulations and, therefore, they are not preempted. As the claims set forth in paragraphs 8 and 9 of the present Complaint are substantially the same, the Court reaches the same result here and finds no preemption.

Paragraph 10 under Plaintiffs' unconscionable contract claim, however, warrants a somewhat different result. In the first part of this paragraph, Plaintiffs claim "[t]he loan contained an exploding ARM [adjustable rate mortgage] that the Plaintiffs could not pay." *Complaint*, at ¶10, in part. Again, in *Watkins*, the plaintiff made a similar claim. In *Watkins*, the plaintiff alleged, in relevant part, that "Defendant unconscionably induces consumers into agreements, specifically ARMs without regard to borrower's ability to pay . . . ." *Nov. 5, 2008, Memorandum Opinion and Order*, at 15 (quoting *Second Amended Complaint,* at ¶20(b)). In discussing this allegation, the Court found that "12 C.F.R. § 34.21(a) unequivocally authorizes national banks to 'make, . . . participate in, or otherwise deal in ARM loans . . . without regard to any State law limitations on those activities.'" *Id.* (quoting, in part, 12 C.F.R. § 34.21(a)). Thus, the Court held that the plaintiff's claim she was unconscionably induced into an ARM agreement is preempted. However, the Court found the plaintiff's claim that "Defendant does not consider borrowers' ability to repay" a loan is not preempted because it "does not ask this Court to declare unreasonable a particular type of method sanctioned by the regulations. Rather, Plaintiff argues that Defendant employs *no* method in determining ability to repay." *Id.*

---

[2]*See* 12 C.F.R. §§ 34.41-34.47.

As in *Watkins*, the Court finds Plaintiffs' "exploding ARM" claim is clearly preempted by 12 C.F.R. § 34.21(a). However, Plaintiffs' allegation about repayment of the loan is distinguishable. Here, there is no specific allegation in paragraph 10 of this Complaint that Defendant did not consider the ability of Plaintiffs' to pay the loan. Instead, it is simply a claim that Plaintiffs entered into an ARM and, as a result, could not pay the loan. Although the wording is only slightly different than in *Watkins*, it changes the claim because, unlike *Watkins*, Plaintiffs only assert they cannot pay the ARM, not that Defendant did not consider their ability to pay. In other words, Plaintiffs' claim they cannot pay the loan is based solely on their allegation that the ARM is unconscionable and it cannot be considered an independent claim. As this Court has ruled that Plaintiffs' ARM claim is preempted, the allegation they cannot pay the ARM also is preempted because it asks the Court to declare the ARM itself unconscionable. *See generally Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (finding claim not plausible when critical facts are not alleged).

Finally, the second sentence of paragraph 10 asserts that "[t]he loan was not underwritten for the maximum payment." *Complaint*, at ¶ 10, in part. In *Watkins*, the plaintiff similarly alleged "that Defendant 'fail[ed] to include the highest payment possible in the amortization schedules provided consumers.'" *Nov. 5, 2008, Memorandum Opinion and Order*, at 9 (quoting *Second Amended Complaint*, at ¶ 21(b)). The Court found that 12 C.F.R. § 226.19(b), which governs disclosures, does not require "national banks include the highest payment possible in the amortization schedules provided consumers." *Id*. (internal quotation marks omitted). Likewise, 12 C.F.R. §§ 34.4(a)(4) and (a)(9) provide that state laws regulating amortization loan

-5-

schedules and disclosures are inapplicable to national banks.[3] Thus, the Court held the plaintiff's claim was preempted. As Plaintiffs here have raised a similar claim, their claim also is preempted under the same analysis.

Thus, the Court finds that Plaintiffs claims in paragraphs 8 and 9 are not preempted, but Plaintiffs' claims in paragraph 10 are preempted. Accordingly, the Court **DENIES, in part,** and **GRANTS, in part,** the motion of Defendant.

---

[3] 12 C.F.R. §§ 34.4(a)(4) and (a)(9) provide:

> (a) Except where made applicable by Federal law, state laws that obstruct, impair, or condition a national bank's ability to fully exercise its Federally authorized real estate lending powers do not apply to national banks. Specifically, a national bank may make real estate loans under 12 U.S.C. 371 and § 34.3, without regard to state law limitations concerning:
>
> \*     \*     \*
>
> (4) The terms of credit, including schedule for repayment of principal and interest, amortization of loans, balance, payments due, minimum payments, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>
> \*     \*     \*
>
> (9) Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents;

12 C.F.R. §§ 34.4(a)(4) and (a)(9).

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:        January 5, 2009

        _____
        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE